11-1482-cv
*Kirkpatrick v. Village of Washingtonville*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7th day of August, two thousand twelve.

Present:
        AMALYA L. KEARSE,
        ROSEMARY S. POOLER,
        DEBRA ANN LIVINGSTON,
            *Circuit Judges.*

_____

WAYNE KIRKPATRICK,

    *Plaintiff-Appellant*,

        v.                      No. 11-1482-cv

VILLAGE OF WASHINGTONVILLE, JOSEPH GALANTE, DAVID J. HEINTZ, STEPHEN BOGERT, MATTHEW DAVIS,

    *Defendants-Appellees,*

THOMAS DEVINKO, JOHN DOES 1–7,

    *Defendants.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | Dennis E.A. Lynch, Feerick Lynch MacCartney, PLLC, South Nyack, N.Y. |
| For Defendants-Appellees: | Adam I. Kleinberg, Anthony F. Cardoso, Sokoloff Stern LLP, Westbury, N.Y. |

**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED**, and **DECREED** that the order of the District Court is **AFFIRMED**.

Plaintiff-Appellant Wayne Kirkpatrick ("Kirkpatrick") appeals from a decision and order of the United States District Court for the Southern District of New York (Eginton, *J.*) granting Defendants-Appellees' motion for summary judgment on each of Kirkpatrick's claims, brought pursuant to 42 U.S.C. § 1983. Kirkpatrick argues that the March 2, 2009, e-mail sent to the members of the Washingtonville Police Department, which stated that Police Chief Stephen Pascal had been placed on administrative leave and that "[t]his subject is not to be discussed with anyone," amounted to an unconstitutional "gag order." We assume the parties' familiarity with the underlying facts and procedural history of the case, and with the issues on appeal.

We review *de novo* a district court's grant of summary judgment. *E.g.*, *Durakovic v. Bldg. Serv. 32 BJ Pension Fund*, 609 F.3d 133, 137 (2d Cir. 2010). We will affirm only if, despite resolving all ambiguities and drawing all inferences in favor of the non-movant, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law. *See, e.g.*, *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003).

A government entity may not prohibit one of its employees from speaking as a citizen on a matter of public concern unless the relevant government entity has "an adequate justification for treating the employee differently from any other member of the general public." *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). Accordingly, "employees speaking as citizens about matters of public concern 'must face *only* those speech restrictions that are necessary for their employers to operate efficiently and effectively.'" *Jackler v. Byrne*, 658 F.3d 225, 242 (2d Cir. 2011) (quoting and adding emphasis to *Garcetti*, 547 U.S. at 419). "Justifications may include such considerations

2

as maintaining efficiency, discipline, and integrity, preventing disruption of operations, and avoiding having the judgment and professionalism of the agency brought into serious disrepute." *Piscottano v. Murphy*, 511 F.3d 247, 271 (2d Cir. 2007). When the government defends a restriction on speech "as a means to . . . prevent anticipated harms, it must . . . . demonstrate that the recited harms are real, not merely conjectural, and that the [restriction] will in fact alleviate these harms in a direct and material way." *United States v. Nat'l Treasury Emps. Union*, 513 U.S. 454, 475 (1995) (internal quotation mark omitted); *see also Harman v. City of New York*, 140 F.3d 111, 122 (2d Cir. 1998) ("Where the predictions of harm are proscriptive, the government cannot rely on assertions, but must show a basis in fact for its concerns.").

Kirkpatrick first contests the district court's conclusion that the police department directive at issue in this case "only preclude[d] speech concerning an ongoing investigation and the related personnel change." Nothing in the record, however, indicates that the directive was any broader than the district court's description of it. Indeed, Kirkpatrick himself testified that the prohibition extended only to discussion regarding the investigation. *See* Joint App'x at 137.

Kirkpatrick next argues that the district court failed to set forth the specific factual basis for its conclusion that the directive was necessary to further the government's interest in operating efficiently and effectively. But the district court noted testimony indicating that the directive was intended to protect Pascal's rights, and quoted a memorandum issued by the Board of the Village of Washingtonville on March 24, 2009, explaining that "in the interest of fairness to all, and in order to avoid compromising the pending investigation, we have asked that, as Department employees, you not discuss the pending investigation."

3

Finally, Kirkpatrick argues that the government's interest in preserving the integrity and confidentiality of the ongoing investigation was outweighed by the importance of exposing official misconduct. Kirkpatrick claims that the investigation and the "gag order" were implemented "for political reasons" and to make the police department "more compliant." But he presented no evidence supporting this claim; indeed, Kirkpatrick admitted in a deposition that he did not know why the investigation into Pascal's conduct was initiated, *see* Joint App'x at 160, and stated that his belief that Pascal was replaced to make the department "more compliant" was based on "just [his] gut feeling," *see* Joint App'x at 195.

We have reviewed Kirkpatrick's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4